GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900
*Attorneys for Plaintiff*
*Larissa A. Vale*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARISSA A. VALE,<br><br>             Plaintiff,<br>v.<br><br>RIK CAVA, PETAR KRSIKAPA, JUAN CARDENAS, and FRANK JUAN,<br><br>             Defendants. | Civil Action No._____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Larissa A. Vale ("Plaintiff"), by and through her attorneys, Greenberg Traurig, LLP, as and for her Complaint hereby alleges as follows:

### PARTIES

1. Plaintiff is an individual citizen of the United States, with an address of 138 E. Main Street, Boalsburg, Pennsylvania 16827. Plaintiff recently legally changed her name to Larissa A. Vale, and had previously been named Larissa Gryschuk.

2. Upon information and belief, Defendants Rik Cava, Petar Krsikapa, Juan Cardenas, and Frank Juan are individuals and residents of the State of New York.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. Upon information and belief, Defendants conduct musical performances and sales of related goods in the state of New York.

6. This Court has personal jurisdiction over Defendants due, among other things, to their residence in the State of New York and Defendants' transaction of business in New York with citizens of this state.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district, a substantial part of the events giving rise to the claims occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

8. Since at least as early as June 24, 2011, Plaintiff has performed live musical performances throughout the United States under the name BLACK SATELLITE. Plaintiff has rendered these services in commerce under the BLACK SATELLITE mark in a continuous and uninterrupted manner from 2011 to the present.

9. In conjunction with these musical performances, Plaintiff also markets and sells a variety of related goods, including clothing, posters, and pre-recorded CD's, under the BLACK SATELLITE mark.

10. On April 21, 2014, Plaintiff filed a federal trademark application for both the BLACK SATELLITE and BLACK SATELLITE & Design marks, which were assigned Serial Numbers 86/257,638 and 86/257,651, respectively, by the United States Patent and Trademark Office ("USPTO"). These applications were directed to live musical performances, clothing, posters, and pre-recorded music CD's.

11. Plaintiff's trademark applications were published for opposition on December 29, 2015 and were not opposed by any third parties.

12. On July 26, 2016, Plaintiff's federal trademark applications matured into registrations, as U.S. Reg. No. 5,008,508 for the BLACK SATELLITE mark, and U.S. Reg. No. 5,008,509 for the BLACK SATELLITE & Design mark. Copies of the relevant registration certificates are attached as Exhibit 1.

13. Plaintiff has extensively promoted, marketed, and sold her goods and services under the BLACK SATELLITE mark throughout the United States, including in New York. Plaintiff's goods and services have received acclaim from consumers and the public, such that her BLACK SATELLITE mark has generated significant goodwill.

14. Upon information and belief, Defendants formed a band in early 2014 under the name BLACK SATELLITE.

15. Upon information and belief, Defendants began performing their music under the name BLACK SATELLITE in the summer of 2014 and released their first album on December 19, 2014. Upon information and belief, Defendants released their second album on April 21, 2016.

16. Upon information and belief, Defendants have been conducting live music performances under the BLACK SATELLITE mark throughout New York and the surrounding area, including but not limited to shows at Irving Plaza, the Bowery Ballroom, Highline Ballroom, Arlene's Grocery, Pianos, The Bitter End, Santos Party House, the Brooklyn Music Festival, the Jersey Shore Music Festival, and the Bring Rock Back Festival.

17. Defendants have also expanded their use of the BLACK SATELLITE mark, hosting a website at black-satellite.com (see attached Exhibit 2), selling merchandise under the

BLACK SATELLITE mark, including t-shirts, posters, and stickers (see attached Exhibit 3), and selling hard copies and digital downloads of their music (see attached Exhibit 4).

18.     Defendants' efforts in marketing their goods and services under the BLACK SATELLITE mark have been significant enough that Plaintiff has experienced several instances of actual confusion, in which consumers and potential consumers mistakenly believed that Defendants' goods and services were those of Plaintiff and vice versa.

19.     Upon information and belief, Plaintiff and Defendants are using the BLACK SATELLITE mark on the same goods and services, being sold through the same channels of trade to identical consumers.

20.     Upon information and belief, Plaintiff has been damaged and will continue to be damaged by consumers relying on these false statements and purchasing Defendant's goods and services instead of Plaintiff's goods and services.

## COUNT ONE

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

21.     Plaintiff repeats and realleges Paragraphs 1 through 20 as though fully set forth herein.

22.     Without the consent or authorization of Plaintiff, Defendants have used and continue to use the BLACK SATELLITE mark in connection with musical performances, pre-recorded CD's, posters, and clothing.

23.     Defendants' use of the BLACK SATELLITE mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' infringing goods and services. Such use is likely to deceive the public into believing that Defendants' infringing goods and services actually originate from, are associated

with, or are otherwise authorized by Plaintiff, or that Plaintiff's authentic goods and services originate from Defendants, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

24. Defendants' use of the BLACK SATELLITE mark therefore constitutes an infringement of Plaintiff's BLACK SATELLITE trademark registrations under 15 U.S.C. § 1114.

25. Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## COUNT TWO

### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

26. Plaintiff repeats and realleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. The goods and services provided by Defendants are virtually identical to those sold by Plaintiff under its BLACK SATELLITE mark, and are offered under an identical BLACK SATELLITE mark to an identical class of consumers. As such, Defendants' use is likely to cause confusion to the general purchasing public.

28. Through Plaintiff's continuous use of the BLACK SATELLITE mark, Plaintiff has generated significant goodwill in the BLACK SATELLITE mark.

29. Defendants' use of Plaintiff's BLACK SATELLITE mark misrepresents and falsely describes to the general public the origin and source of Defendants' goods and services and creates a likelihood of confusion or mistake by the consuming public as to the origin and sponsorship of such goods and services.

30. Defendants' unauthorized and unlicensed use of the BLACK SATELLITE mark expressly or impliedly misrepresents that Defendants' services were created, authorized, or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

31. Defendants' use of the BLACK SATELLITE mark therefore constitutes an infringement of Plaintiff's rights in the BLACK SATELLITE mark under 15 U.S.C. § 1125(a).

32. Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Preliminarily and permanently restraining and enjoining Defendants and all persons in active concert and participation with Defendants from:

1. Using Plaintiff's BLACK SATELLITE mark in any manner, alone or in combination with any word or words which so resemble the BLACK SATELLITE mark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any good or service not Plaintiff's, or not authorized by Plaintiff to be sold in connection with Plaintiff's BLACK SATELLITE mark.

2. Committing any acts calculated to cause purchasers to believe that Defendants' services are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or otherwise guaranteed by Plaintiff.

B. That Defendants transfer the domain name black-satellite.com to Plaintiff.

C. That Defendants cease use of the BLACK SATELLITE mark on all social media platforms and delete all previous activity to the fullest extent possible, including but not limited

to activity on Facebook, Twitter, Instagram, Bands in Town, ReverbNation, Bandcamp, SoundCloud, iTunes, Spotify, Google Play, Lastfm, and Amazon.

  D. Awarding Plaintiff damages, costs, attorney's fees, and an accounting of Defendants' profits attributable to Defendants' unauthorized use of Plaintiff's BLACK SATELLITE mark.

  E. Awarding Plaintiff punitive damages in an amount sufficient to punish Defendants for their infringement of Plaintiff's BLACK SATELLITE mark.

  F. Granting Plaintiff any other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial under Fed. R. Civ. P. 38 on all issues so triable.


Dated: September 19, 2016    Respectfully submitted,

              GREENBERG TRAURIG, LLP


              By: *s/ Aaron Van Nostrand*
                 Aaron Van Nostrand
                 500 Campus Drive, Suite 400
                 Florham Park, NJ 07932
                 (973) 443-7900
                 vannostranda@gtlawcom
                 *Attorneys for Plaintiff*
                 *Larissa A. Vale*